JAMES JOHNSON, Sen., *v.* HENRY JOHNSON and JOHN N. OLCOTT.

The position—that a mortgagee may release a part of the premises mortgaged to him, and throw the whole burden upon the remaining part, notwithstanding the remaining part has been subsequently mortgaged to another whose mortgage has been recorded, if the first mortgagee had not actual notice of the second mortgage—cannot be maintained.

On the 8th September, 1846, Henry Johnson gave a mortgage to John Kipp on thirteen lots of land, payable in one year. On the 3d February, 1849, this mortgage was assigned to James Johnson, Sen., the complainant.

On the 19th May, 1847, Henry Johnson gave a mortgage to A. V. Stout on lots 1 and 2 of the said thirteen lots, which was afterwards assigned to John N. Olcott; and, on the 29th May, 1847, Henry Johnson gave another mortgage on the said lots 1 and 2 to the said Olcott. In July, 1848, Olcott filed a bill against Henry Johnson alone, on his two mortgages; and, in December, 1848, obtained a decree for the sale of the said lots 1 and 2; and, on the 26th March, 1849, the said lots were sold under the said decree, and were purchased by Olcott. On the 3d March, 1849, James Johnson, Sen., for the consideration expressed of $1, released to Henry Johnson, who was his son, nine of the thirteen lots covered by his mortgage, leaving lots 1, 2, 11 and 12 not released. In June, 1849, James Johnson, Sen., exhibited the bill in this case, against Henry Johnson and John N. Olcott, for the foreclosure, &c., and for the sale of the said lots 1, 2, 11 and 12 not released. Olcott's mortgages were duly recovered, prior to the said release.

*Barkalow* for the complainant.

*Vandervoort* for the defendants. He cited *Saxton's Ch.* 421; 1 *Halst. Ch.* 186; 1 *Story's Eq. Jur.* sec. 349.

THE CHANCELLOR   The position contended for by the com-

plainant's counsel—that a mortgagee may release a part of the premises mortgaged to him, and throw the whole burden upon the remaining part, notwithstanding the remaining part has been subsequently mortgaged to another whose mortgage has been recorded, if the first mortgagee had not actual notice of the second mortgage—cannot be maintained.

In this case, the release was not made until after Olcott had obtained a decree on his mortgages, and after the two lots covered by them were advertised for sale, and after the complainant in this case had notice of that advertisement. A reference will be ordered to ascertain the value of the lots released. The value of the lots 11 and 12 may also be ascertained. Lots 1 and 2 cannot be reached by the complainants, unless lots 11 and 12 be insufficient to pay what may be found to be properly charged on the lots not released.

Order accordingly.